BERNARD BRUNS *et al.*, Defendants in Error, *v.* THOMAS L. CRAWFORD *et al.*, Plaintiffs in Error.

*Constitution—Practice.*—The act of May 15, 1861, forbidding the commencement of suits against all persons in the actual military service of the State, and requiring suits already commenced to be continued, is not in violation of that clause of the Constitution of this State forbidding all laws retrospective in their operation, where the cause of action originated after the passage of the law; nor is such an act void, as being a denial or delay of justice. Where, therefore, the defendant sued upon a note made after passage of the act, pleaded that at the commencement of the suit he was in the service of the State and asked to have the suit dismissed, it was error in the court to strike out that portion of the answer. The issue should have been tried, and if found true, the suit should have been dismissed.

*Error to Cole Circuit Court.*

*J. S. Smith*, for plaintiffs in error, insists,

I. That the two several acts of the State Legislature, entitled "An act for the relief of persons while doing actual military service for the State," approved May 15, 1861, and

"An act to amend an act for the relief of persons while doing actual military service for the State," approved March 17, 1863 (see Sess. Acts 1861, p. 46; also Sess. Acts 1863, p. 30), "are not only constitutional but properly pleaded as a bar to the suit. This identical question has heretofore been reviewed and decided in this court. The "Act to suspend all legal process against persons and property of volunteers," approved February 13, 1847, (see Sess. Acts 1847, p. 109,) is not unlike the two acts above cited. This last named act was decided constitutional by this court in Edmundson v. Ferguson, 11 Mo. 344; and in Lindsey, adm'r of Barbridge, v. Early, 11 Mo. 545.

But it is insisted that the two legislative acts first above cited are in conflict with sec. 7 & 17, art. 13, of the State Constitution, and sec. 10, art. 1, of United States Constitution, notwithstanding the foregoing decisions affirming the constitutionality of the act of 1847. If the act of 1847 is constitutional, why are not the acts of 1861 and 1863, above cited, constitutional? The provisions of these acts are substantially the same. But the main reason urged why these acts are unconstitutional, is that the same are in conflict with sec. 10, art. 1, of Constitution of the United States, which provides that no State shall pass any " ex post facto law, or law impairing the obligation of contracts." The question here submitted is, do the acts here sought to be tested impair the obligation of contracts entered into subsequent to the enactment of these laws, or either of them? What is the obligation of a contract, and what is the remedy on a contract? are they identical? A contract may be defined to be an agreement or obligation between two or more parties, for the doing or not doing of some specified thing. (1 Par. on Cont., § 11, p. 5; Sto. on Cont., § 1, p. 1.) Remedy is defined to be the method whereby a man may recover his rights or redress his wrongs, or of enforcing the obligation of the contract (Mansf. Polit. Gram., § 261–2, p. 102–3); and remedy originally comes from the Legislature, and has a different source and cause, at a different time, from a contract

itself. Then it may be seen that the obligation of a contract is one thing, and the remedy or means of enforcing it is another thing. It is not insisted, of course, that the State Legislature has any power to impair the obligation of a contract, but it is insisted that the Legislature can change the remedy of a contract without impairing its obligation. The obligation of the contract originates and is coeval with the contract itself, while the remedy arises on a broken or violated contract, and subsequent to the objection. (Sto. Const., § 1385, p. 236 ; Ogden v. Saunders, 12 Wheat. 349.)

There are two class of cases, one tending to show that the remedy for a party may be changed or wholly taken away by the Legislature, without contravening the Constitution of the United States. (Read v. Frankford Bank, 10 Shepl. 318 ; Woods v. Buis, 5 Howard, Miss., 285 ; Wason v. Shenter, 9 Ala. 713 ; Catlin v. Munger, 1 Texas, 598.)

Another class of cases assert the doctrine that the obligation of a contract consists in the remedy which the law gives to enforce it ; and a change of remedy involves a change of contract. (Blair v. Williams, 4 Litt. Ky. 34.)

But there is another class of cases tending to establish the doctrine (and in fact the weight of authority is that way) that the Legislature has the power to modify remedies, but not destroy them ; to change the remedy so as not to impair or defect contracts. (Sturges v. Crowninshield, 4 Wheat. 200 ; Chadwick v. Moon, 8 Watts & Serg. 49 ; Stephens v. Andrews, 31 Mo. 210 ; McCormick v. Rusch, Dec. No. Amer. Law Reg. 93.)

In case of McCormick v. Saunders, the decision was upon a statute in terms substantially like the acts 1861–3, of this State already cited. In the Supreme Court of Pennsylvania, in Brietenbach v. Bush (8 Wright, not yet published), the act of the General Assembly of 1861, which provides that " no civil process shall issue or be in force against any person mustered into the service of this State or of the United States during the time he shall be engaged in such service," &c., was reviewed by that court, and Justice Woodward,

who, in delivering the opinion of the court, said "that the exemption was an interference with the remedy only, and could not extend beyond three years, being the term of enlistment," cannot be declared an unreasonable act.

*H. C. Ewing*, for defendants in error.

The court below did right in sustaining the motion made by defendants in error to strike out the answer of defendant (plaintiff in error here) Crawford; and also did right in overruling the motion for a new trial. These acts of the Legislature, it is submitted, are unconstitutional and void.

XIII. article, 7th section, of the Constitution of this State says, that "courts of justice ought to be open to every person, * * * and that right and justice ought to be administered without sale, denial or *delay*," &c.; and the 17th section reads as follows: "That *ex post facto* laws, nor law impairing the obligation of contracts, or retrospective in its operation, can be passed;" and the 10th section of article I. of the Federal Constitution forbids the passage by a State Legislature of "any *ex post facto* law, or law impairing the obligation of contracts."

The act of the Legislature complained of prohibits a suit being commenced against any one in the military service, while he is in such service, and for twelve months thereafter. Is this a violation of either of the provisions of the Constitution referred to, State or Federal?

This question must be answered affirmatively, unless it can be satisfactorily and clearly shown that the law operates alone upon the *remedy*, and not upon the right, or upon the contract itself. It is conceded that the Legislature may change a remedy, provided they leave the right itself untouched. In Bronson v. Kinzie, 1 How. 311, it is said that "whatever belongs to the remedy may be altered according to the will of the State, provided the alteration does not impair the obligation of the contract."

Chancellor Kent (1 Com. 655) says: "that to lessen or take away from the extent and efficiency of the remedy

22—VOL. XXXIV.

Bruns et al. v. Crawford et al.

to enforce the contract, legally existing when the contract was made, impairs its value and obligation." Denis, J., in Morse v. Gould, 11 N. Y. 286, says: "It is admitted that a contract may be virtually impaired by a law which, without acting directly upon its terms, destroys the remedy, or so embarrasses it, that the rights of the creditor under the legal remedies existing when the contract was made, are substantially defeated. With this qualification, the jurisdiction of the States over the legal proceedings of their courts is supreme."

BATES, Judge, delivered the opinion of the court.

The plaintiffs sued Crawford and Hart upon a promissory note, dated June 2d, 1862, and payable one day after date.

Crawford answered admitting that he executed the note as the security of Hart, and pleaded that, " at the time of the commencement of plaintiffs' suit, and since that time, he was and is in the actual military service of the State of Missouri; and he therefore says, that said suit was commenced contrary to the several acts of the General Assembly of the State of Missouri respectively, entitled, "An act for the relief of persons while doing actual military service for the State," approved May 15, 1861, and "An act to amend an act for the relief of persons while doing actual military service for the State," approved March 17, 1863, and ought to be dismissed as to this defendant with his costs.

The plaintiffs moved the court to strike out the plea from the defendant's answer, upon the ground that the acts of the General Assembly referred to are unconstitutional and void, in that they are retrospective in their operation and impair the obligations of contracts, and violate that provision of the constitution " that courts of justice ought to be open to every person, and certain remedy afforded for every injury to person, property, or character, and that right and justice ought to be administered without sale, denial or delay."

The motion was sustained, the plea stricken out of the answer, and afterward judgment was given for the plaintiffs, and

the defendant has brought the case to this court by writ of error.

The act of May 15, 1861, provides that "no civil suit shall be commenced, nor, if commenced, shall the same be prosecuted against any person while he shall be in the actual military service of the State of Missouri; but such suit, if commenced, shall be continued until the expiration of thirty days after his discharge."

It will be observed that in the present case the promissory note, which is the foundation of the suit, was given after the passage of this act.

The act of 1863 merely extended privileges of the act of 1861 to persons in the military service of the United States, and also increased the time of thirty days after discharge to twelve months.

It is sufficient for this case to say, that the act of 1861, which provides that suit shall not be commenced against a person in the actual military service of the State, was in force at the time the contract, which is the foundation of this suit, was entered into; and, consequently, the act cannot be retrospective in its operation upon that contract, nor can it be a violation of the contract which was not in existence when it was enacted. Nor is it a denial or delay of justice. The law is required to furnish a remedy for all wrongs; but it is within the power of the law-makers to determine the proceedings which may be necessary to attain the great end—the administration of right and justice, and the judiciary has no power to control the exercise of that discretion.

The Circuit Court erred in striking out the defendants plea from his answer. The matter should be restored to the answer, and if found to be true, the suit dismissed.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.