ROBERT W. DONNELL, Plaintiff in Error, *v.* SERIAH STEPHENS, Defendant in Error.

*Practice—Conttnuance—Military Service.*—The act of May 15, 1861, (Sess. Acts 1861, p. 46,) relating to suits against persons in the military service, and the act of March 17, 1863, (Sess. Acts p. 30,) do not prohibit the commencement of a suit against a party in the military service, but stay its prosecution for the times limited. (Decision in Bruns et al., v. Crawford et al., 34 Mo. 330, modified.)

*Error to De Kalb Circuit Court.*

*Moore, Vories & Vories,* for plaintiff.

We are aware that almost the very question presented by the record in this case has been before and passed upon by this court since this case was brought to this court; but as we think the principle involved in this case is somewhat different from the one decided, and as we think, under what seems to be the ruling of the court in the case referred to, (if said ruling should govern this case) the hardship and injustice done the plaintiff would be apparent, and in conflict with what seems to us to be the clear intention of the Legislature in such cases. We do not hesitate to present this case for the adjudication of this court.

In the case before the court, plaintiff relies upon the law of the Legislature passed for the protection of landlords, which protection also enables poor persons to procure lands. The defendant relies on the different acts of the Legislature passed for the relief of persons while in the military service, &c., approved respectively on the 15th day of May, 1861, and on 17th March, 1863.

The plaintiff insists that these several laws must be so construed, if possible, as to protect all parties, and to give effect, as far as possible, to each act of the Legislature. It has been decided by this court, that where the law provides that unless a party should file a bond for costs under certain circumstances, his suit should be dismissed ; that in such cases the law was only directory, and that the court was not

to dismiss the suit unless the bond was filed after the hour named. (Brown v. Ravenscroft, 1 Mo. 399.)

In this case the object of the Legislature would have been more certainly carried out, by continuing the case until after the defendant's term of service had expired, thus giving effect to each of the laws before referred to, and protecting all parties concerned. It is submitted that to give the law any other construction, would be not to regulate the remedy of plaintiff in his course of action, but to destroy all remedy; and the law, if so construed, would evidently be unconstitutional and void.

BAY, Judge, delivered the opinion of the court.

This was a suit by a landlord against his tenant to recover a year's rent of the demised premises, and was brought by attachment under the provisions of the general act relating to landlords and tenants. At the return term the defendant appeared and moved the court to dismiss the suit, upon the ground that at the time of the institution thereof, he was a citizen of this State, and engaged in the military service of the United States, and is still so engaged. Upon due proof being made thereof, the court sustained the motion and dismissed the suit, whereupon the plaintiff excepted and appealed.

The only question therefore is, whether the court below erred in dismissing the suit. The Legislature of this State have, upon many occasions, passed acts for the protection of persons engaged in the military service of the country, and as far back as 1847 we find an act prevailing that on process issued the person or property of any volunteer of this State, engaged as such in any regiment or company of Missouri volunteers, and absent from the State on such service, shall be suspended until the return of such regiment or company; and that all suits to which any volunteer as aforesaid may be a party, defendant shall stand continued until the return of the regiment or company to which he belongs.

In 1861 (Sess. Acts 1861, p. 46) the Legislature passed

another act, which provides that no civil suit shall be com-
menced, nor, if commenced, shall the same be prosecuted
against any person while he shall be in the actual military
service of the State of Missouri; but such suit, if com-
menced, shall be continued until after the expiration of
thirty days after his discharge.   The act of 1863 extended
the privileges of the act of 1861 to persons engaged in the
military service of the United States.

It will be observed from the general tenor and scope of
these acts, that the object of the law-making power was to
prevent the courts from adjudicating upon the rights and
property of persons, who, by reason of being absent and in
the military service, or unable to appear and defend in per-
son, and not to interfere or in anywise impair the obligation
of the contract upon which said defendant may be sued.
In Burns et al. v. Crawford et al., 34 Mo. 330, which was a
suit on a promissory note, the defendant (Crawford) answers
admitting the execution of the note, but avers that at the
commencement of this suit he was and still is in the actual
military service of the State of Missouri; which part of
the answer was on motion stricken out, and this court held
that the ruling of the court below was erroneous, and re-
versed the judgment.   In the opinion delivered by Judge
Bates, it is stated that the matter should be restored to the
answer, and if found true, the suit dismissed.

We think the court went too far in stating that this suit
should be dismissed.   Upon a more careful view of the law,
we are of the opinion that the proper direction would have
been to continue the case, or to suspend all further proceed-
ings under it for the time prescribed in said acts.   The
Burns case, as before stated, was a simple action on a prom-
issory note, and the only point made or discussed was with
reference to the constitutionality of the act of May 15th,
1861, and the attention of the court was directed exclusively
to that point, and no allusion was made to the question of
practice involved in the case at bar.

If the act of 1861 is to be construed as prohibiting the

Donnell v. Stephens.

institution of suit, it would in many cases impair the obligation of contracts, and be liable to the constitutional objection urged in the Burns case. Under the landlord and tenant act the landlord has a lien upon the crops grown on the demised premises, which lien continues for eight months after the rent becomes due and payable, and no longer. Now if he is not permitted to enforce his lien by a proper suit within the prescribed time, he necessarily loses his lien, and to that extent the obligation of the contract is impaired. So in case of a mechanic's lien for work and labor, or materials furnished in the erection of a building, or other improvement on land. The law requires that all suits under the act shall be commenced within ninety days in cases of sub-contractors, and nine months in other cases, from the time of filing the account or statement, and not afterwards; but if he is prohibited from instituting a suit until the expiration of such time, he loses the lien which necessarily entered into and formed a part of the contract. So a party may have a cause of action, which, if not soon prosecuted, becomes barred by the statute of limitations. If the defendant is in the military service, and a suit cannot be commenced against him in time to prevent the bar, the cause of action is lost and the party is without a remedy.

The Legislature never contemplated any such result to flow from the above recited acts, nor do we think that a fair and proper construction of the acts will sustain the position assumed by the respondent.

Judgment reversed and cause remanded, with instructions to the court below to proceed in conformity with the opinion. Judge Dryden concurs.