THEOPHILUS C. PIPER, Appellant, *v.* THOMAS R. ALDRICH, Respondent.

*Practice—Military Service—Judgment.*—By the provisions of the statutes of May 15, 1861 (Sess. Acts 1861, p. 46), and of March 17, 1863 (Sess. Acts 1863, p. 30), a prohibition is placed upon the plaintiff in bringing suit against any person engaged in the military service of this State or of the United States, which precludes him from deriving any benefit from his suit except to prevent the bar of the statute of limitations. If the plaintiff bring his suit, procure constructive service of process, and proceed to take final judgment upon a default, the judgment will, upon proper motion and proof, be set aside at a subsequent term, and the execution issued thereon quashed.— Bruns et al. v. Crawford et al., 34 Mo. 330; Donnell v. Stephens, 35 Mo. 441.

*Appeal from Webster Circuit Court.*

*Krum, Decker & Krum,* for appellant.

I. The acts of the General Assembly enacted for the benefit of persons in the military service are personal privileges conferred on a particular class of citizens, of which they may avail themselves, or which they may waive. If the defendant fails to avail himself of this act at the time of pleading, or during the term, according to the Practice Act, he cannot do it afterwards. Any other construction would amount to a repeal of the Practice Act in favor of a particular class of citizens, and ought not to be tolerated.

The Statute of Frauds enacts, "no action shall be brought," &c. ; yet defendant must plead and avail himself of it. The Statute of Limitations enacts, "no action shall be brought," &c.; yet likewise defendant waives the act if he fails to set it up in his defence.

The language of the Legislature in regard to granting these extraordinary privileges to the military is the same, and by the well established rules of construction it is to be construed in the same manner. If the defendant had answered and failed to set up this defence, certainly he could not have availed himself of it after judgment. Why ? because the act confers a privilege which the party may waive. *A fortiori,*

where defendant fails to plead at all, the same result must follow.

II. But the act has been already construed by this court in Donnell v. Stephens, 35 Mo. 441 (modifying Bruns v. Crawford, 34 Mo. 330). If the acts were defences to the action they would be unconditional, but they are allowed as reason for a continuance. It must follow that a defendant who fails to present his claim for a continuance cannot after judgment (in this case two years after) have the judgment set aside.

*Day & Julian,* for appellant.

The court erred in sustaining the defendant's motion to quash the execution and vacate the judgment. It is submitted that the two acts of the Legislature of May 15, 1861, and March 17, 1863 (Sess. Acts 1861, p. 46 ; Sess. Acts 1863, p. 30), as to contracts on which a right of action accrued prior to the passage of the same, are unconstitutional—11 Wis. 358 ; 1 Const. 129 ; 1 Mo. 116 ; 4 Mo. 50.

Admitting the acts complained of to be valid, the court below erred in vacating the judgment. There was personal service had on the defendant ; he failed to appear until a year and a half after judgment was rendered against him, when he appealed and made the motion complained of, which was by the court sustained. In the case of Donnell v. Stephens, decided by this court 35 Mo. 441, the court held the acts under consideration did not prohibit commencing an action, and only gave the defendant the right to show that he was in military service and to have the case continued—a right which the defendant in this case waived by failing to appear. The acts in question would be governed by the same rule of law as the Statute of Limitations or Statute of Frauds: a party waives the right by failing to plead them. The effect of the order of the court quashing the execution and vacating the judgment was to dismiss the suit—Martin v. Martin's Adm'r, 27 Mo. 227.

FAGG, Judge, delivered the opinion of the court.

In the examination of this case, we shall confine ourselves exclusively to the points raised by the brief of appellant's counsel, there being no appearance for the respondent.

At the spring term, 1864, of the Webster Circuit Court a suit was instituted by Piper against Aldrich upon a promissory note. Service was obtained by leaving a copy of the petition and writ at the usual place of abode of the defendant with a white member of his family over the age of fifteen years. No appearance was entered for the defendant Aldrich at the return term of the writ, and the plaintiff prosecuted his suit to a final judgment. At the spring term, 1866, the defendant appeared by his attorney and filed a motion alleging that at the time of the commencement of the suit, as well as the rendition of the judgment against him, he was in the actual military service of the State and of the United States. The court was thereupon asked to set aside the judgment, and also to quash an execution that had been issued thereon. The motion was sustained and a judgment rendered in favor of the defendant for costs.

It is insisted that the provisions of the act of 1861, enlarged and extended by the act of 1863, under which this proceeding was had, cannot be so construed as to entitle the respondent to the relief granted by the Circuit Court; that the intention of the Legislature was simply to confer upon persons in actual military service a privilege, which, if not properly pleaded, must after judgment be taken to have been waived. In the case of Bruns v. Crawford, 34 Mo. 330, it was held by this court that upon proof made by defendant of his being in military service at the time suit was instituted against him, it was sufficient to authorize the court below to dismiss the cause. A different interpretation, however, was given to this statute in the case of Donnell v. Stephens, 35 Mo. 441. The proper meaning and effect of the act was in that case declared to be not to prohibit the bringing of suits against persons thus engaged in military service, but to make that fact

a sufficient ground for a continuance of the cause. Whilst we concur in this construction of the act, we do not believe that the conclusion reached by the appellant's counsel necessarily follows. In the case last cited the defendant appeared in obedience to the writ, and moved the court to dismiss the suit upon the ground that he was in the military service. This motion was sustained by the court below, in conformity with the opinion given by this court in the case of Bruns v. Crawford. In reversing the judgment of the Circuit Court, however, there was no intimation given to the effect that if this fact was not pleaded before judgment, it must be taken to have been waived by the defendant. The court very properly held that the Legislature did not intend to permit the courts of the State to sit in judgment upon the rights and property of persons whose time and services belonged exclusively to the government, and who for that reason were unable to devote any attention whatever to their private affairs.

From the very nature of the case this provision of the law cannot be considered as a privilege merely, the benefit or loss of which is made to depend upon the act of the soldier himself. It would be the merest mockery to place a person in military service and take him hundreds of miles away from his home, and tell him to rest secure in reference to any suits that might be commenced against him in his absence, because the Legislature had passed a law permitting him to appear and plead the fact of his service, and that would be sufficient to authorize a continuance of the cause. If, however, for any reason he should fail to appear and set up that fact, he must lose all the protection which the act could give him.

We conclude that there was something substantial in the protection which the law-making power intended to give to this class of persons, and that it was not a mere shadow under which their property might be taken from them, without an opportunity of defending their rights in the premises. In other words, the act intended to place a prohibition upon

the plaintiff himself, by which he should be precluded from deriving any benefit from the suit except to prevent the statute of limitations from barring his cause of action. If his suit should be commenced after the defendant had entered the military service and before the end of the twelve months after the expiration thereof, the law intended that he should not prosecute it any further.

In this case, however, the plaintiff, in violation of the true spirit and intent of the act, had obtained a judgment, and there is no way by which that intent could be effectuated except by setting the judgment aside.

Under this view of the law, it is wholly immaterial whether the respondent had a good defence to the action or not. The plaintiff had obtained something to which he was really not entitled, and it makes no difference that it was secured under the forms of law. Having proceeded in violation of the express prohibition of the statute, he should not be permitted to reap the benefits of his own wrong. No other remedy could have been given to the defendant, and the court committed no error in sustaining the motion.

The judgment will be affirmed. The other judges concur.