SILAS REED, Plaintiff in Error, v. AUGUST WANGLER, Defendant in Error.

1. *Practice, civil—Judgments rendered against persons formerly in military service within year after discharge, irregularity of — Statute, construction of.*—A judgment can not be set aside on the ground of irregularity under the acts of May 15, 1861, and March 13, 1863 (Sess. Acts 1861, p. 46, and Sess. Acts 1863, p. 30,) simply because rendered against defendant within a year after his discharge from the military service of the United States. These

acts do not prohibit the institution or prosecution of suits against persons in the military service, but they merely secure to such persons, when sued, the right to delay the trial and put off the final judgment until twelve months after their discharge. And the party, in order to avail himself of the right, must claim it at the proper time and place; otherwise he will be held to have waived it.

### Error to First District Court.

*Hill & Jewett*, for plaintiff in error.

*Charles Jones*, for defendant in error

CURRIER, Judge, delivered the opinion of the court.

The plaintiff seeks to set aside a judgment of the Gasconade Circuit Court upon the ground that its rendition was irregular. He avers that the judgment was rendered against him within one year next following his discharge from the military service of the United States. It is therefore claimed that under the legislative acts of May 15, 1861, and of March 17, 1863 (Sess. Acts 1861, p. 46; Sess. Acts 1863, p. 30), the judgment was unwarranted, and that it ought, consequently, to be annulled.

The acts referred to have been construed not as prohibiting the institution or prosecution of suits against persons in the military service, but as securing to such persons, when sued, the right to delay the trial and put off final judgment until twelve months after their discharge from such service. (Bruns v. Crawford, 34 Mo. 330; Donnell v. Stephens, 35 Mo. 441.) The practical effect of the enactments, therefore, was to secure to persons in the military service the right, when sued, to have their cases continued from term to term until twelve months after their release from military duty. But the party, in order to avail himself of the right, must claim it, and claim it at the proper time and place, or he must be regarded as having waived it.

A party in the military service was not bound to have suits against him continued. He might insist on his trial, as he might insist on or waive his right to a continuance. If he would insist upon the continuance and the consequent delay of trial and postponement of judgment, he should in some proper way

make the court acquainted with the facts entitling him to the desired delay. The court could not, without proof, take judicial notice of such facts. The court could not judicially know that Dr. Reed was or ever had been in the military service of the country. That was a matter for him to show, but he made no showing of the kind, nor did he ever claim a continuance in virtue of the statute. The case shows this, and Dr. Reed testified that he paid no attention to the suit "after the law passed;" that he did not so much as write to his attorney in reference to the case during the year 1864, although the suit had then been pending some four years, and notwithstanding he had an attorney employed in the case prior to the passage of the law. The judgment complained of was rendered in September, 1864, without any fault on the part of the court rendering it. If there was any fault on the part of any one, it was the fault of the present complainant in neglecting a long-pending suit. He wholly omitted to claim a continuance under the statute, and he must now submit to the consequences of his own remarkable negligence.

Judgment affirmed. Judge Wagner concurs; Judge Bliss absent.