M. MALONEY, Defendant in Error, v. R. H. HUNT, Plaintiff in Error.

### Kansas City Court of Appeals, February 20, 1888.

1. RULES OF COURT—PURPOSE OF, AND THEIR EFFECT.—Rules of court for purposes of procedure, and calling and hearing of causes, etc., are essential to the conduct of causes, and the disposition of business in the courts. And such rules, if not inconsistent with the statute, have the force and effect of law for the government of attorneys and court. And attorneys, likewise, have the right to rely upon what the judge says, in term time, as to the *status* of a cause on his docket. These rules and usages may be established in a controversy by the affidavit of some member of the bar familiar with the fact.

2. ——— PRACTICE—IRREGULAR PROCEEDINGS OF THE COURT.—It is irregular for a court to take up a case in the absence of the attorney, without notice to him of the change, where the case has been adjourned for the term, or has otherwise been disposed of for the term, without giving notice to the attorney of the change of programme. In such case the judgment should be set aside as against the practice of the court, without any showing of merits being required. (ELLISON, J., dissents).

ERROR to Jackson Circuit Court, HON. JAMES H. SLOVER, Judge.

*Reversed and remanded, with directions.*

C. A. KENYON, for the plaintiff in error.

I. Because of surprise caused by irregular action of the court. 1 Hayne's New Trial and Appeal, secs. 28, 29, 83; 31 Ga. 639; *Pope v. Dalton*, 40 Cal. 638; *Bond v. Pancho*, 30 Cal. 532; *Larco v. Coranevera*, 30 Cal. 546; 23 Cal. 337; 2 Black. 475; 2 Bush, 82, 83; 27 Cal. 496; 21 Cal. 425; 10 Allen, 416; 27 Ind. 3; 9 S. & M. 446; 8 Gratt. 714; 46 Cal. 357.

II. The trial court abused its discretion in not setting aside the default on the showing made. *Doan v. Halley*, 27 Mo. 256; *Blanchard v. Hunt*, 18 Mo. App. 289.

III. Because the judgment was irregularly obtained against the rules and practice of the court. *Doan v. Halley*, 27 Mo. 256.

D. S. TWITCHELL and F. W. RANDOLPH, for the defendant in error.

The setting aside of a default is addressed very much to the sound discretion of the trial court, and every intendment is in favor of the trial court. *Kuffen v. Eckelkamp*, 34 Mo. 480; *Flouy v. Uhrig*, 35 Mo. 517; *Biebinger v. Taylor*, 64 Mo. 65, 66; *Leabo v. Goode*, 67 Mo. 126. "A default will not be set aside on account of the mistakes or negligence of defendant's attorney." *Field v. Matson*, 3 Mo. 686; *Kerby v. Chadwell*, 10 Mo. 392; *Austin v. Nelson*, 11 Mo. 192; *Ridgley v. Steamboat*, 27 Mo. 442; *Bosbeyshell v. Summers*, 40 Mo. 172.

PHILIPS, P. J.—This action was begun in a justice's court, and tried on appeal in the circuit court. The record proper and the bill of exceptions show about the following state of facts: The case was set for trial in the circuit court for the April term, 1885, and for the twenty-third day of said month. On this day, the defendant failed to appear, and plaintiff took judgment by default. At the same term, to-wit, on the seventh day of May, 1885, this judgment by default was set

aside, on the showing of the defendant that the default was taken by plaintiff's attorney other than those who now appear for plaintiff, in the absence of defendant's attorney, who was on that day engaged in the argument of a cause before the Supreme Court at Jefferson City, and contrary to the agreement between said attorneys that said case should not be called up for trial in the said absence of defendant's attorney.

It appears from the affidavit of defendant's counsel that among the recognized rules of procedure in said circuit court was this: that when a case was reached on the trial docket, if not then ready for hearing, the court made what is called a "passed mark," thus ( ‖ ), which indicated that the case was passed for that term, unless the same should be set at the foot of the jury docket for that term, which would be made known to the attorney by the appropriate docket entry; and that it was the general rule or practice of the court not to have a foot to the jury docket. It further appears from the affidavit of defendant's attorney that at the time the judgment of default was set aside at the said May term, the court placed opposite this case said passed mark, and that, on inquiry, then made by defendant's attorney, the court gave him to understand that there would be no foot to the jury docket, this case being properly triable before a jury. It furthermore appeared from this affidavit that this attorney afterwards, during the term, made examination of the court docket, and found nothing to indicate that the case stood otherwise than as "passed."

It appears, however, that the court did set down the case, without changing the "passed mark" on its docket, or any notice thereof to defendant's attorney, for hearing at that term, and at a place in the docket beyond the conclusion of the jury docket, and on the first day of June, 1885, called the case for trial in the absence of defendant's attorney, and again entered judgment by default against defendant. Within proper time defendant's attorney again filed motion to set

aside this last default, setting up the facts aforesaid in an affidavit disclosing a meritorious defence to the cause of action. The court overruled this motion, and defendant prosecutes this writ of error.

I. It is a fact well known to bench and bar that trial courts have certain rules of procedure which are not specified in the statute, or the canons of the common law, and which may not even be spread upon the record of the court. Yet, they are well understood and observed by both lawyers and judge. For instance, the court has a certain hour for convening and adjourning court each day; a certain hour of the day, or day of the week or term, for calling and hearing the motion docket; the number of times a case will be called before parties are required to make a definite announcement, and the like. Attorneys practicing in such courts have a right to rely and act upon the existence of such rules or usages, and to believe that the court itself will observe them. So it was competent for the court to have the rule claimed by defendant for calling and passing jury cases, and marking them as indicated on its docket. Such rules are essential to the conduct of causes and the disposition of business in the courts. And such rules, if not inconsistent with the statute, have the force and effect of law for the government of attorneys and court. An attorney, likewise, has the right to rely upon what the judge, in term time from the bench, tells him respecting the *status* of a case on his docket, as also concerning the jury trials. How are such rules and usages of the court to be established in a controversy like this? The usual, and, I think, the appropriate practice, is by affidavit of some member of the bar familiar with the facts. Such is recognized as correct practice in other similar contentions. *Howland v. Reeves*, 25 Mo. App. 426.

II. We cannot accept as just or reasonable the assumption of plaintiff's counsel that it is to be presumed, from the action of the trial court in overruling the motion to vacate the judgment by default, the

court found there was no such rule or usage as stated in the affidavit of defendant's counsel. This, we think, would be a violent presumption. On the contrary, the more reasonable presumption to be indulged is, that had there been no such rule or usage, proof of this fact would have been offered by plaintiff in contradiction of defendant's affidavit. If no such rule existed in that court, how easy it was for plaintiff to call some of the members of so large a bar as that of the Jackson circuit court to state the facts. If no such rule in fact existed, the trial judge himself could have so stated. He could have assigned that as a reason for denying the motion, and so put it in the bill of exceptions. The entire absence of any countervailing proof, under such circumstances, forbids the presumption suggested by plaintiff. *Chinn v. Davis*, 21 Mo. App. 369.

III.   This matter, therefore, stands thus : The court, contrary to its rule of procedure in such cases, after putting the usual pass mark opposite this case on its docket, assigned it to an unusual place on the docket, and after giving defendant's attorney to understand, according to his affidavit, that there would be no foot to the jury docket, afterwards called up the case for trial, without any notice of such change to the attorney, and without any lack of vigilance on his part, so far as disclosed by the record before us, and proceeded to judgment against defendant.   In 1 Haynes on New Trial, etc., section 30, it is laid down as among the irregular proceedings of the court itself, to take up a case in the absence of the attorney without notice to him of the change, where the case had been adjourned for the term, although it was competent for the court during the term to set aside the adjournment. The attorney, he says, should have notice of the " change of programme." So in *Doan v. Holly*, 27 Mo. 257, Scott, J., said :   "It is conceded that where a judgment is irregularly obtained against the provisions of a statute, or the rules of a court, a party is entitled to have it

set aside without showing any merits. It is enough that it was obtained against the law or the practice of the court."

The judgment in this case having been "obtained against the practice of the court," and the defendant showing a meritorious defence to the action, the judgment should be reversed, and the cause remanded, with directions to the circuit court to sustain the motion, and proceed to try the cause on its merits. It is so ordered. Hall, J., concurs; Ellison, J., dissents.