THE STATE ex rel. RUBY E. ODELL v. FRANK G. JOHNSON et al., Judges.

**In Banc, February 9, 1916.**

**LISTING OF CASES FOR TRIAL: Rules of Court.** In view of the facts set out in the opinion it is held that relator is not entitled by writ of mandamus to compel the presiding judge of the circuit court of Jackson county to make an immediate assignment of and set for trial her suit against the Metropolitan Street Railway Company et al. pending in said court.

Mandamus.

WRIT DENIED.

*C. W. Prince, E. A. Harris* and *J. E. Westfall* for relator.

(1) The cause was properly at issue when listed for jury trial. The answer of the defendant Metropolitan Street Railway Company was a general denial. The answer of the defendant Standard Oil Company under the authorities is a general denial and not a plea of contributory negligence. Johnson v. Traction Co., 176 Mo. App. 182; State ex rel. v. Rau, 93 Mo. 130; Jordan v. Buschmeyer, 97 Mo. 97; Watkinds v. Railroad, 38 Fed. 711; Benjamin v. Railroad, 245 Mo. 598.

(2)   Relatrix was entitled to have her cause of action assigned for jury trial in its regular numerical order when reached in the regular, orderly and lawful procedure of the court in the trial of jury cases.   Rule 22 of Circuit Court; Sec. 10, art. 2, Mo. Constitution.   (3) The respondents, judges of the circuit court, violated the court's own rules as well as the substantive law of the State, in assigning other cases for jury trial which were listed for jury trial subsequent to the day on which relatrix listed her said cause for jury trial. Rule 22 of Circuit Court; Sec. 10, art. 2, Mo. Constitution.   (4)   Said respondents, judges of the circuit court, unlawfully and without authority refused to assign relatrix's cause of action for jury trial for the sole reason that the Metropolitan Street Railway Company was a defendant in relatrix's cause of action. Sec. 10, art. 2, Mo. Constitution.   (5)   This court has authority by mandamus to compel the respondents,· judges of the circuit court, to assign relatrix's cause of action for jury trial.   State ex rel, v. O'Bryan, 102 Mo. 254; State ex rel. v. Philips, 97 Mo. 347; State ex rel. v. Gibson, 187 Mo. 554; State ex rel. v. Grimm, 220 Mo. 489.

*Clyde Taylor, John H. Lucas* and *Charles A. Stratton* for respondents.

(1)   The issuance of the writ of mandamus is within the discretion of this court.   19 Am. & Eng. Ency. Law (2 Ed.), p. 753-b; State ex rel. v. Cottengin, 172 Mo. 134; State ex rel. v. Bridge Co., 206 Mo. 74; State ex rel. v. Wilder, 211 Mo. 305; 26 Cyc. 143, 144. (2)   "The Supreme Court will not grant the writ of mandamus to an inferior court unless it appear that the court has omitted or refused to perform its duty." State ex rel. v. St. L. Court, 41 Mo. 598, syl. 2; State ex rel. v. Hudson, 226 Mo. 265.   (3)   The writ will not issue when it will cause disorder and confusion.   26 Cyc. 146, citing: Bibb v. Gaston, 40 So. (Ala.) 936;

Bd. v. San Diego, 128 Cal. 369; People v. Olsen, 215 Ill. 620. (4) "Mandamus will not lie to control or review the exercise of the discretion of any court, board or officer when the act complained of is either judicial or quasi-judicial." 26 Cyc. 158; State ex rel. v. St. Louis, 158 Mo. 505; State v. Cramer, 96 Mo. 75; State v. Wilson, 49 Mo. 146; 26 Cyc. 160. (5) The manner of assignment and trial of cases is within the discretion of the circuit court. Laws 1913, p. 212; Rule 22 of Circuit Court; 26 Cyc. 208; Allen v. Calhoun, 6 Cowen (N. Y.), 32; Carpenter v. Jones, 121 Cal. 362. (6) Relator has been guilty of gross laches in this case. State ex rel. v. Reynolds, 243 Mo. 715. (7) Plaintiff's case was not at issue at the time she listed same as required by Rule 22 of the circuit court.

## OPINION.

## I.

BOND, J.—An original writ of mandamus was awarded by this court upon the relation of Ruby E. Odell, directed to the presiding judge of the circuit court of Jackson County sitting in the assignment division of that court by the authority of rule eighteen, adopted by the court, which imposed on him the duties of controlling the docket and assignment of causes. Our writ required said presiding judge to show cause why he should not make an immediate assignment and setting for trial of a certain suit pending in said court, brought by the relator against the Metropolitan Street Railroad Company and the Standard Oil Company.

To this alternative writ the presiding judge at the time and his successor made returns praying for the quashing of our writ. Relator moved for judgment on said returns and thereafter filed an answer to them, wherefore, a special commissioner was appointed to take the evidence and report his findings, and state his

conclusions of law to this court. In compliance with this reference, the commissioner, Hon. Willard P. Hall, has made his report and has recommended that the alternative writ of mandamus awarded herein be quashed, and the prayer for the peremptory writ be denied.

Counsel for the respective parties having been heard in oral argument and upon a submission of briefs on the issues involved, and the evidence taken before the commissioner, the cause was thereupon submitted to this court in Banc for decision.

## II.

It is urged on behalf of the relator in support of the writ that the presiding judge of the assignment division of the circuit court of Jackson County was under the legal duty to assign her cause of action for trial to one of the divisions of that court in its regular numerical order, and the failure so to do was in disregard of rule 22 adopted by that court in the following terms:

**Rules of Court.**

## "ASSIGNMENT OF CAUSES.

"At least two weeks before the beginning of each term, and as often thereafter as may be necessary, the presiding judge shall cause to be posted on the bulletin boards in the assignment division and the circuit clerk's office a notice requiring attorneys to file with the clerk of the assignment division on or before the date fixed in said notice a memorandum of each case at issue of which a trial is desired, between the numbers stated in said notice. A separate memorandum shall be filed for each case, and such memorandum shall contain the number and title of such case, and the attorneys of record of each of the parties thereto.

. . .

"The presiding judge shall, from time to time, make and cause to be posted as above, settings of the cases thus noted for trial. On the day that such cases are set for trial they shall be placed in numerical order on the 'Trial' list, and the first case on such 'Trial' list shall be assigned to the next waiting division."

The transcript of the evidence filed by the commissioner shows that on the 20th of January, 1911, the foregoing rule was modified by the court *en banc* and publication of such modification was made in the daily record, to-wit:

## "NOTICE.

"Beginning with the January term, a new plan will be inaugurated in the assignment of cases against the Metropolitan Street Railway Company. Twelve of the lowest numbered cases (no more than three cases in which plaintiffs are represented by the same attorneys) will be set down for each week.

"The court will expect plaintiffs to be ready when cases are reached for assignment and will expect defendant to keep three attorneys constantly available and ready to try any of such cases."

The report of the special commissioner further shows that in January, 1913, another change and modification was made in the foregoing rules; viz., "Metropolitan cases were separately listed without any limitation as to number except that the assignment judge would not set more cases for trial than thought proper, and enough cases would be set for trial to keep at least three divisions of the court always busy. And it was ordered that attorneys for plaintiffs in Metropolitan cases should receive twenty-four hours' notice of the setting of their cases for trial."

The authority of the circuit court of Jackson County *en banc* to make reasonable rules for the conduct of its business and modification thereof, was inherent in its constitution as a court of general juris-

diction and specially conferred by a statute including that court and defining its powers.

Section 3970, Revised Statutes 1909, provides:

"In addition to the ordinary power of making rules conferred by the general law, the court *en banc* may make all rules which its peculiar organization may, in its judgment, require, different from the ordinary course of practice, and necessary to facilitate the transaction of business therein."

Laws 1913, p. 212, provide:

". . . Members of the court *en banc* . . . shall have power to frame and enact such rules for the numbering of civil cases now pending or hereafter brought therein, for the proper distribution of civil cases for trial and disposition among the nine divisions of said court at Kansas City, and for the transfer of civil cases to and from each of said seven divisions and the Independence divisions, which rules may in like manner be changed from time to time, as may be found necessary. . . ." [Allen v. Calhoun, 6 Cowen (N. Y.), 32; Carpenter v. Jones, 121 Cal. 362.]

The foregoing rules and modifications thereof were in force when this writ was prayed.

The facts as to the suit brought by plaintiff against the Metropolitan Street Railway Company and Standard Oil Company, were these: Said suit was begun on the 26th of November, 1910. Its docket number was 54,386. Owing to the pleadings filed by defendants and the efforts made by one of them to remove the case, and owing to the retiracy of the original counsel for plaintiff, no issue was reached on the original petition, but an amended one was filed on the 9th day of April, 1914. To this amended petition separate answers were filed by the defendants on July 18 and August 21, 1914.

In January, 1915, court *en banc* turned back in the listing of cases and made two calls; first, for the listing of cases for trial from number 16 to 53,997 and

thereafter in the same month called for all cases from number 54,001 to 70,000.

On February 1, 1915, relator listed her case for trial under the last call. On June 7, 1915, relator filed a reply to the answers of defendants and at the same date filed a motion praying her cause of action be specially set or assigned for trial. This motion was overruled on the 9th of June, 1915, because in conflict with the rules then in force regulating the order of trials of causes, to which action of the court relator duly excepted.

If the replies filed by relator were essential to the joinder of issues on the answers to her suit against respondent then her cause of action was not assignable for trial under the rule and amendments thereof, because it had not been previously listed. But waiving that technical point and construing her replies to have been unnecessary, for the reason that in their essence the answers of the two defendants were only general denials, the question remains, whether under the record and the rules and the amendments thereof in the circuit court then in vogue, that court abused its discretion in overruling relator's action.

## III.

In his finding as to the workings of the court rules as amended, the learned commissioner finds that they were formed to expedite the trial of Metropolitan cases and have expedited the trial of all other cases as well; that the capacity of the nine divisions of the court does not suffice to keep pace with its docket, hence, no cases are tried at the return term, and the court, when cases are reached which are returnable to the term preceding the one in session, generally turns back to the beginning of the docket. That in so doing it does not necessarily turn back on the two lists of cases (Metropolitan and general) at the same time, for one may be ahead of

Listing of Causes for Trial.

the other, since no case is listable until at issue and every case bears, at all times, its original number, and when listed, must be listed according to the date of its original number and not the date when issue was joined.

Under this system of return calls of its docket from the beginning, the court also postpones the trial of cases listed under such calls to those which have been listed under previous calls and are undisposed of. These latter are assigned for trial before the cases newly listed. The application of this order of business to the matter in hand was that the court *en banc* called on November 5, 1913, for a listing of general cases, and on February 30, 1913, for a listing of Metropolitan cases—in both instances between the same numbers; to-wit, 16 (that being the beginning of the docket) and 59986.

During the year 1914, the court called for a listing of two classes of cases from 59986 to a higher number. In following the plan provided for in its rules as modified, the court did not again call for a listing of its docket from the beginning within numbers which would include relator's case until January 15, 1915, and it was after this call that her case (number 54386) was listed, on February 1, 1915, as previously stated.

At the time relator's case was thus listed there remained unassigned other Metropolitan cases of higher numbers previously listed under regular calls. Upon these facts the commissioner finds; viz., "Relator's case has been treated regularly and consistently in accordance with the system in force in the circuit court as herein outlined. No claim to the contrary is made for the relator. Relator's motion to assign her case for trial was, in effect, for a special setting of her case, and was denied for that reason and because in conflict with said system."

As the court overruled the motion of relator to set her case specially for trial because that would

result in a violation of the orderly procedure pre-- scribed for the calendar of its docket and the trial of the cases pending thereon, it necessarily follows that the legality of its action in so doing is the only thing to be considered. The theory of relator is that the modification of rule 22 wrought out a plan which gave the trial of cases listed generally a right of precedence over the list of cases against the Metropolitan Street Railway Company in contravention of the Constitution; to-wit, "The courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered without sale, denial or delay." [Const. of Missouri, sec. 10, art. 2.]

It has been uniformly held that this provision does not deprive the courts of general jurisdiction of their power to make reasonable rules governing the order of trial of cases and regulating their proceedings in their administration of the law. That the exercise of such inherent and necessary power on the part of the courts does not violate the above quoted clause of the organic law. [Toledo v. Preston, 50 Ohio St. 361; Ex parte Pollard, 40 Ala. 77; Stamey v. Barkley, 211 Pa. St. 313; Bruns v. Crawford, 34 Mo. 330; Johnson v. Higgins, 3 Metc. (Ky.) 566; Richardson Fueling Co. v. Seymour, 235 Ill. 319; Rauchberger v. Street Ry. Co., 52 N. Y. Misc. 518; Merchants' Bank v. Greenhood, 16 Mont. 395; Maloney v. Hunt, 29 Mo. App. 379; Smith v. Keepers, 5 N. Y. Civ. Proc. 66; Honeywell v. Shaffer, 18 N. Y. Civ. Proc. 336; Jensen v. Fricke, 133 Ill. 171; Cochrane v. Parker, 12 Col. App. 169.]

There being no constitutional objection to the rules of the circuit court and no evidence of their intrinsic unfairness, favoritism or injustice under the facts stated in the record and reported by the commissioner, it follows that there is no error in the rule of the court declining to specially set for trial the

case of relator against the companies contrary to the order in which it would be triable under the rules as amended.

## IV.

We have disposed of this question as to the validity of the rules of the court on the merits and *Mandamus.* without discussing its reviewability by a writ of mandamus issuing out of this court. We have done this on account of the importance to the court and litigants of a speedy determination of the legality of the rules for the exercise of the machinery of the court. We do not mean to concede by the course taken in this case that a precedent shall be established for the use of our writ of mandamus in such cases. That writ is never available to compel a court to render a *particular* judgment or ruling on a matter resting within its judicial discretion. The officer vested with a judicial discretion may be compelled to exercise it, but the manner of its exercise or decision to be made in so doing cannot be controlled by a writ of mandamus. For that would wrest from him the very official discretion confided by law. [State ex rel. v. Jones, 155 Mo. l. c. 576.] Nor is there any intimation to the contrary in any of the cases cited by the learned counsel for the relator in the present proceeding.

For the reasons stated in the preceding paragraphs of this opinion our alternative writ of mandamus is quashed and the application for a peremptory writ is denied. *Graves* and *Walker, JJ.,* concur; *Woodson, C. J.,* and *Faris, Blair* and *Revelle, JJ.,* concur in result.