FILED

December 23 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

No. OP 09-0610

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 439

_____

| | |
|---|---|
| THE OFFICE OF THE STATE PUBLIC DEFENDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | O P I N I O N |
| v. ) | and |
| ) | O R D E R |
| MIKE McMEEKIN, MISSOULA COUNTY SHERIFF; ) | |
| GERALD GREGO; MISSOULA COUNTY UNDERSHERIFF; ) | |
| MISSOULA COUNTY DETENTION FACILITY CAPTAIN ) | |
| SUSAN HINTZ; MISSOULA COUNTY DETENTION ) | |
| FACILITY JUVENILE UNIT MANAGER GARY EVANS, ) | |
| ) | |
| Respondents. ) | |

_____

¶1      The Office of the State Public Defender (OPD) asks us to issue a writ of mandamus requiring the Respondents to vacate a Missoula County Detention Facility (MCDF) policy that addresses visitation at MCDF during H1N1 flu season.  OPD claims the policy is currently preventing OPD attorneys from consulting in private with their clients regarding their cases.  The Missoula County Attorney Office's has filed a response to the petition for writ of mandamus on behalf of the Respondents.  It argues that OPD has not established the necessary prerequisites for issuance of the writ and, therefore, no writ should issue.

¶2      A writ of mandamus may issue to compel the performance of an act that the law specially enjoins as a duty resulting from an office, trust, or station.  It must issue in all cases in which there is no plain, speedy, and adequate remedy in the ordinary course of law. Section 27-2-102, MCA.

¶3      It is undisputed that pretrial detainees have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822, 97 S. Ct. 1491, 1495 (1977).  Further, the Ninth Circuit Court of Appeals has held that a prisoner's right of access to the courts includes

contact visitation with his counsel, which may not be arbitrarily abridged. *See Ching v. Lewis*, 895 F.2d 608, 610 (9th Cir. 1989).

¶4    The MCDF H1N1 policy suspends contact visits for the duration of flu season. Attorneys are allowed to visit their clients in non-contact visiting rooms, with more than one attorney-client pair in a visiting room at a time only if no one objects. Respondents have attached to their brief a copy of the document setting forth the policy. That document states that the audio portion of the video monitoring system in the non-contact visiting rooms used by attorneys and their clients has been turned off, and also acknowledges that exceptions may be made to the policy.

¶5    OPD states this policy is depriving its clients of their fundamental right to the assistance of counsel. The petition is supported by an affidavit of Edmund Sheehy, Regional Deputy Public Defender in Region 2. The Sheehy affidavit confirms that the MCDF policy prohibits contact visits in the jail between attorneys and their clients; that conversations may be overheard by others present in the non-contact visitation area; and that some OPD clients in the jail have refused to participate in non-contact visits with their attorneys because of privacy concerns. MCDF points out that OPD has a plain, speedy and adequate remedy in that it may apply to the Fourth Judicial District Court to approve contact visits in specific cases. In one instance the District Court entered an order requiring a client to be transported to his attorney's office for a 3-hour contact visit and MCDF complied with the order. At the same time, the representative from the OPD who met with the Judges of the Fourth Judicial District about the contact visitation policy in November was told to take the issue up with the County Commissioners.

¶6    It is clear that jail staff members and inmates come and go from the facility on a daily basis. The MDCF takes reasonable precautions to reduce the risk that disease will spread from these interactions, and those same precautions can be implemented to allow contact visits with attorneys. The MDCF has not presented any evidence from medical or public health professionals that justifies application of this policy to attorneys representing pretrial detainees and the concomitant interference with attorney-client communications.

¶7     We conclude OPD has established  that MCDF has adopted a policy that precludes pretrial detainees from exercising their right of access to the courts through contact visits with counsel.  MCDF detainees lack a plain, speedy and adequate remedy to protect that right. Therefore, we conclude OPD is entitled to a writ of mandamus.

THEREFORE,

¶8     IT IS ORDERED that MCDF shall immediately allow attorneys representing pretrial detainees at MCDF to conduct private, confidential contact visits with their clients.  MCDF may impose reasonable public health-related precautions such as masking and hand sanitizing to reduce the risk of infection.

The Clerk is directed to provide copies of this Order to all counsel of record.

DATED this 23rd day of December, 2009.


/S/ MIKE McGRATH


We concur:

/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS