IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 10-0310

2010 MT 168

_____

OFFICE OF THE APPELLATE DEFENDER,

       Petitioner,

    v.

JOSEPH C. ENGEL, III,

       Respondent.

O P I N I O N

A N D

O R D E R

_____

¶1     On June 24, 2010, the Office of the Appellate Defender (OAD) filed with this Court an Emergency Petition for Writ of Mandamus requesting that we direct Joseph C. Engel, III, counsel of record for Harley Howard, to file Howard's notice of appeal and to incur the costs associated with Howard's appeal, including the filing fee and transcript costs. On June 29, 2010, we ordered Engel to respond in writing to the OAD's petition. Because the deadline for filing the notice of appeal in Howard's case was fast approaching, we further ordered that the time to file the notice of appeal be stayed until further order of this Court.

¶2     Engel filed his Answer Brief Objecting to Petition for Writ of Mandamus on July 6, 2010, contending that the OAD "improperly and illegally" attempted to obtain said writ. Engel included with his answer brief his Cross Petition for Writ of Mandamus Directed to the Office of Appellate Defender wherein he requested that we direct the

1

OAD to continue to provide services to Howard based upon Howard's "ongoing unrescinded status as an Indigent . . . ."

**Background**

¶3     The following is based on the limited record before us and the parties' briefs.

¶4     Howard was arrested in April 2009 on a felony charge in Lewis and Clark County. He applied for, and received, the services of a public defender through the Office of the State Public Defender (OSPD) based upon his representation of indigency. He was eventually convicted of the charge and sentenced to 40 years in Montana State Prison. The public defender who had represented Howard at trial wrote a letter to Howard's wife on May 4, 2010, wherein he stated:

> I will forward [Howard's] written judgment upon receipt. As we discussed, the appellate division will be filing a notice of appeal within the 60-day limitation thereafter. . . . The trial/sentencing transcripts will be ordered and made available after the appeal has been filed.

¶5     Unhappy with the services of his public defender, Howard sought out a private attorney to represent him on appeal. Howard retained Engel's services with funds provided to him by his friends. On June 1, 2010, Engel filed a Notice of Representation in the First Judicial District Court, Lewis and Clark County, which stated as follows:

> HARLEY SHANE HOWARD, the above named Defendant, by and through the undersigned, hereby gives Notice that he has retained the undersigned Joseph C. Engel, III to represent him as his counsel of record in this case, with respect to Post-Conviction proceedings and a prospective Appeal to the Montana Supreme Court.

¶6     On June 18, 2010, Engel wrote a letter to the OAD demanding that the OAD file a notice of appeal on Howard's behalf. Engel also demanded that the OAD order (and pay

2

for) the transcripts of Howard's District Court trial and provide a copy to Engel. In his letter, Engel argued that, pursuant to his reading of § 47-1-111(6)(b), MCA, regarding eligibility for public defender services, Howard is entitled to have the costs of his filing fee and transcripts paid for by the OAD since Howard was previously qualified for the services of a public defender even though he is now represented by private counsel.

¶7 Thereafter, the OAD filed its Emergency Petition for Writ of Mandamus with this Court.

**Discussion**

¶8 In its petition, the OAD argues that since Engel has appeared on Howard's behalf, Engel is Howard's counsel of record and, as such, Engel must bear the costs of obtaining Howard's trial transcripts for his appeal. The OAD also points out that since it was not a party to either the negotiations or the agreement between Engel and Howard regarding Engel's representation of Howard, the OAD no longer has any obligation to represent Howard. Engel counters that not only is the OAD obligated to pay for the notice of appeal and the transcript, it also has continuing obligations to Howard "because of his status as an indigent ward of the State of Montana" if Howard chooses to avail himself of the OAD's services.

*Writs of Mandamus*

¶9 "A writ of mandamus may issue to compel the performance of an act that the law specially enjoins as a duty resulting from an office, trust, or station." *Office of State Public Defender v. McMeekin*, 2009 MT 439, ¶ 2, 354 Mont. 130, 224 P.3d 616;

3

§ 27-26-102, MCA. Section 27-26-102, MCA, provides the following procedure for when and by whom a writ of mandamus may be issued:

(1) A writ of mandamus may be issued by the supreme court or the district court or any judge of the district court to any lower tribunal, corporation, board, or person to compel the performance of an act that the law specially enjoins as a duty resulting from an office, trust, or station or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled and from which the party is unlawfully precluded by the lower tribunal, corporation, board, or person.
(2) The writ must be issued in all cases in which there is not a plain, speedy, and adequate remedy in the ordinary course of law.

¶10 We stated in *Smith v. County of Missoula*, 1999 MT 330, ¶ 28, 297 Mont. 368, 992 P.2d 834, that the petitioner must satisfy a two-part standard for a writ of mandamus to be issued.

The writ is available where the party who applies for it is entitled to the performance of a clear legal duty by the party against whom the writ is sought. If there is a clear legal duty, the district court must grant a writ of mandate if there is no speedy and adequate remedy available in the ordinary course of law. For a court to grant a writ of mandate, the clear legal duty must involve a ministerial act, not a discretionary act.

*Smith*, ¶ 28 (internal citations omitted).

¶11 In the instant case, Engel owes no duty to the OAD with respect to Howard's appeal. Consequently, the OAD has no standing to file a petition for a writ of mandamus to compel Engel to file the notice of appeal, thus we deny the OAD's petition. On the other hand, as counsel of record for Howard, Engel does have standing to bring a petition for a writ of mandamus on behalf of his client. Nevertheless, we deny that petition based on the following discussion.

*Transcript*

4

¶12    M. R. App. P. 8(3)(a), provides in part: "[T]he appellant shall order from the court reporter, in writing, a transcript of the proceedings deemed necessary for the record on appeal on the same date the notice of appeal is filed." Moreover, M. R. App. P. 8(3)(c), provides in part:

> [T]he cost of producing any requested transcript shall be paid by the party requesting the transcript, and payment shall be made at the time of ordering the transcript or satisfactory payment arrangements shall be made with the court reporter. *An attorney who requests a transcript shall be personally liable for the payment of the costs of the transcript.* [Emphasis added.]

¶13    Section 47-1-111(6)(b), MCA, regarding representation of indigent persons by private attorneys, provides as follows:

> (6) The [public defender] commission shall establish procedures and adopt rules to implement this section. Commission procedures and rules:
>
> .   .   .
>
> (b) must allow a qualified private attorney to represent an applicant if the attorney agrees to accept from the applicant a compensation rate that will not constitute a substantial financial hardship to the applicant or the members of the applicant's household . . . .[1]

¶14    Contrary to Engel's contention that § 47-1-111(6)(b), MCA, dictates that the OAD has an ongoing duty to provide services to Howard including filing the notice of appeal and paying for the cost of obtaining a transcript, the OAD maintains that the Public Defender Act (Title 47, chapter 1, MCA) read as a whole does not obligate the OSPD or the OAD to subsidize the work of a private attorney, nor does it prevent private attorneys

---

[1]    We have not been referred to any rules adopted by the Commission pursuant to this statute, nor has our research revealed any rules which might assist our interpretation of this statute. Furthermore, this statute is not a model of clarity. To the extent that the Legislature intended this statute to mean something other than the way we have interpreted it here, we urge the Legislature to adopt clarifying amendments in its next session.

5

from taking on cases for indigent clients. Instead, the OAD contends that § 47-1-111(6)(b), MCA, memorializes the fact that the OSPD and the OAD have the authority to contract with private attorneys to provide legal representation for OSPD and OAD clients. However, those private attorneys contract directly with the OSPD or the OAD and are required to enter into a "Memorandum of Understanding" wherein the private attorneys agree that they will represent indigent clients at a set rate paid for by the OSPD or the OAD. Here, Engel has not entered into any contract with the OSPD or the OAD to provide representation for Howard.

¶15 Engel is correct that, pursuant to § 47-1-111(6)(b), MCA, the OAD must allow a qualified private attorney to represent an indigent and that the private attorney and client may separately contract for the attorney's services. However, § 47-1-111(6)(b), MCA, does not state that the OAD must continue to provide services to an indigent once the indigent is represented by a private attorney. On the contrary, § 47-1-111(5), MCA, provides: "A determination [of indigency] may be modified by the [public defender's] office or the court if additional information becomes available or if the applicant's financial circumstances change." In this case, additional information came to light that Howard's friends were able provide sufficient funds to hire a private attorney for Howard.

¶16 More importantly, however, § 47-1-201(5)(b), MCA, provides that transcript fees are payable by the OAD "if the expense is incurred *at the request of a public defender* . . . . [Emphasis added.]" The term "public defender" is defined in § 47-1-103(5), MCA, as "an attorney *employed by or under contract with* the [public

6

defender's] office and assigned to provide legal counsel to a person under the provision of [Title 47, chapter 1]. [Emphasis added.]"

¶17 Engel is neither "employed by" nor "under contract with" the OSPD or the OAD. He entered into an agreement directly with Howard, not with the OAD. Thus, Engel is not a public defender as defined by § 47-1-103(5), MCA, and, pursuant to § 47-1-201(5)(b), MCA, the OAD is not required to pay for transcripts on his behalf.

¶18 Accordingly, based on the foregoing,

¶19 IT IS ORDERED that the OAD's Emergency Petition for Writ of Mandamus is DENIED.

¶20 IT IS FURTHER ORDERED that Engel's Cross Petition for Writ of Mandamus Directed to the Office of Appellate Defender is DENIED.

¶21 IT IS FURTHER ORDERED that each party shall bear their own costs and attorney fees.

¶22 IT IS FURTHER ORDERED that the stay of appeal in this case is lifted. Engel is directed to file a notice of appeal on Howard's behalf within twenty (20) days of the date of this Opinion and Order and to pay for the transcripts necessary to perfect that appeal.

¶23 IT IS FURTHER ORDERED that the Clerk of this Court serve a copy of this Opinion and Order on the OAD and on counsel of record.

DATED THIS 28th day of July, 2010.

/S/ JAMES C. NELSON

7

We concur:

/S/ BRIAN MORRIS
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM RICE