**ORIGINAL**

**FILED**

05/10/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0122

## IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0122

RICHARD E. SHREVES,

    Petitioner,

v.

DEPARTMENT OF CORRECTIONS,

    Respondent.

**FILED**

MAY 10 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

**O R D E R**

Representing himself, Richard E. Shreves seeks rehearing, pursuant to M. R. App. P. 20(1), of this Court's March 22, 2022 Order denying his petition for writ of mandate against the Department of Corrections. Shreves argues that the Court erred in concluding that "a civil rights complaint in either state or federal court was a plain[] and adequate remedy."

M. R. App. P. 20(1) provides criteria for rehearing. Pertinent here, this Court will consider a petition for rehearing only upon the grounds "[t]hat it overlooked some fact material to the decision[,] . . . or [t]hat its decision conflicts with a statute or controlling decision not addressed by the supreme court." M. R. App. P. 20(1)(a)(i) and (iii). "Absent clearly demonstrated exceptional circumstances, the supreme court will not grant petitions for rehearing of its orders disposing of motions or petitions for extraordinary writs." M. R. App. P. 20(1)(d).

Our Order pointed out that "[a] writ of mandate will not issue absent the availability of another remedy in the ordinary course of law." Shreves contends that he does not have a speedy remedy under the law and that the Court failed to analyze the issues, such as irreparable harm. He concludes that "a civil action and resulting damages does nothing to provide meaningful nor timely relief, neither for services that meet the basic need of general well-being, nor for basic nutrition DOC asserts it provides in each meal."

This Court has authority to dismiss a writ in an original proceeding procedurally and without analyzing any claim. M. R. App. P. 14(7)(a). Shreves misses the purpose of a writ of mandate because such a writ occupies the space where no other remedy exists. Section 27-26-102, MCA. Shreves's claims present factual issues, not simply the enforcement of a clear legal duty. His claims of immediate and irreparable injury are redressable in a civil action where a court may receive evidence and develop a record. His references to Montana case law do not assist his arguments because both elements for a writ of mandate existed in those cases. *See OPD v. McMeekin*, 2009 MT 439, 354 Mont. 130, 224 P.3d 616 and *State ex re. Burkhartsmeyer Bros. v. McCormick*, 162 Mont. 234, 5810 P.2d 266 (1973). Shreves has not demonstrated any criteria for rehearing.

IT IS THEREFORE ORDERED that Shreves's Petition for Rehearing is DENIED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Richard E. Shreves personally.

DATED this 10 day of May, 2022.

_____

_____

_____

_____

_____
Justices

2